UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| RYAN MICHAEL KONKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00146-TWP-TAB |
| | ) | |
| CLARK COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Screening Complaint,
Denying *In Forma Pauperis* Motion,**

**I. Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied** as submitted without prejudice to being renewed. Plaintiff shall have through September 18, 2017, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he renews his request to proceed *in forma pauperis*, his motion must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on August 11, 2017.

**II. Screening**

A. Legal Standard

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief,"

which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (Quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B. Plaintiff's Complaint

Plaintiff is an inmate in the Clark County, Indiana, jail. It is not clear from the complaint whether he is a pre-trial detainee or a convicted offender. He has been incarcerated since November 6, 2016. He complains about the conditions in the jail, asserting there is black mold in the showers, a ventilation system that was not cleaned after a fire, a mold growing around the vents, and a problem with mice, ants, and flies. Plaintiff complains that the jail will not furnish the correct cleaning supplies to allow him to clean the mold, and has done nothing about the pest problem. Finally, plaintiff also complains that other inmates are sick and suffering from conditions such as staph infections and Hepatitis C but are not segregated from other inmates.

Plaintiff does not claim a specific injury due to these conditions other than being incarcerated in the conditions. He seeks monetary damages as well as injunctive relief. For

injunctive relief, he seeks (1) the cleaning of the jail ventilation system on a regular basis, (2) providing inmates with the correct cleaning supplies to kill the black mold, (3) establishment of a medical wing for sick inmates to be housed and not infect other inmates, (4) a resolution to the pest problem, and (5) an adequate fire response plan.

C. Analysis

Construing the complaint liberally, as the Court must, plaintiff presents a viable complaint alleging unconstitutional conditions of confinement. The Eighth Amendment imposes duties on prison and jail officials to provide humane conditions of confinement to inmates. Officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984); *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993); *Washington v. Harper*, 494 U.S. 210, 225 (1990). Actual physical injury is not "a filing prerequisite for the federal action itself." *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003); *see also Helling,* 509 U.S. at 33; *Cassidy v. Indiana Dep't of Correction*, 199 F.3d 374, 376-77 (7th Cir. 2000); *Allah v. Al–Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). Prison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights, and therefore are subject to those remedies not barred by 28 U.S.C. § 1997e(e) (injunctive relief, nominal damages, and punitive damages). *See Calhoun v. DeTella*, 319 F.3d 936, 940-41 (7th Cir. 2003); *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007) (per curiam); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

Plaintiff's complaint names the Clark County Jail as defendant. In Indiana, jails are not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (county jail not a

3

suable entity). The Court will substitute the Sheriff of Clark County, Indiana, as defendant, in his personal and official capacities.

To summarize, plaintiff may proceed against the Sheriff of Clark County, Indiana, on his Eighth Amendment claim for the conditions of confinement in the jail. If plaintiff believes the Court has overlooked claims or defendants, he shall have through September 11, 2017, in which to notify the Court.

**The clerk is directed** to modify the docket to terminate the Clark County jail as a defendant and substitute the Sheriff of Clark County, Indiana, as defendant.

### III. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Sheriff of Clark County, Indiana, in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date: 8/15/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ryan Michael Konkle
Clark County Jail
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Sheriff of Clark County, Indiana
501 East Court Avenue, No. 159
Jeffersonville, IN 47130

4